Filed 12/2/24  In re E.F. CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| In re E. F., a Person Coming Under the Juvenile Court Law. | B328574<br><br>(Los Angeles County Super. Ct. Nos. 23LJJP00049, 23LJJP00049A) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>       Plaintiff and Respondent,<br><br>       v.<br><br>V. M.,<br><br>       Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Debra L. Gonzales, Judge Pro Tempore. Dismissed

Benjamin Ekenes, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, Veronica Randazzo, Deputy County Counsel, for Plaintiff and Respondent.

_____

Mother V.M. challenges the juvenile court's jurisdictional findings over her son, E.F., made under Welfare and Institutions Code section 300, subdivision (b)(1).[1]  After mother's appeal was filed, the juvenile court terminated jurisdiction and issued an exit order granting mother and father J.F. joint legal and physical custody of E.F. Mother did not appeal the latter order, and there is no effective relief that can be granted.  We decline to exercise our inherent discretion to reach the merits and accordingly dismiss the appeal as moot.

### FACTUAL AND PROCEDURAL BACKGROUND

Mother and father are the parents of E.F., who was born in December 2021.  On December 30, 2022, father was arrested for domestic battery (Pen. Code, § 243, subd. (e)(1)) for allegedly slapping or pushing mother during an argument in a restaurant parking lot.  The same day, mother was arrested for driving under the influence (Veh. Code, § 23152) and child endangerment (Pen. Code, § 273a, subd. (a)) for allegedly driving while intoxicated. E.F. was in the car, which mother crashed into a

_____

[1]     All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

2

median and road signs.  E.F. was released to maternal aunt after being evaluated at the hospital.  He was uninjured.

The Los Angeles County Department of Children and Family Services (DCFS) investigated the incidents, which parents denied.  The investigation revealed that parents engaged in a domestic incident in November 2022 and both had previous misdemeanor convictions for driving under the influence. Parents agreed to live apart while the matter was pending and were receptive to participating in services.  DCFS noted that parents seemed remorseful notwithstanding their denials.

On February 7, 2023, DCFS filed a dependency petition under section 300, subdivisions (a) and (b)(1).  It alleged E.F. was at risk due to parents' domestic violence (counts a-1, b-1), mother's untreated emotional problems and father's failure to protect (count b-2), mother's substance abuse (count b-3), mother's driving under the influence (count b-4), father's driving under the influence (count b-5), and father's substance abuse (count b-6).  DCFS did not detain E.F., who remained released to both parents.

At the initial hearing on February 7, 2023, parents entered general denials to the allegations and reported they were participating in services.  The juvenile court found there was a prima facie case that E.F. was a person described by section 300, but services could prevent his detention.  It ordered E.F. to remain released to both parents, ordered DCFS to make appropriate referrals, and set the adjudication hearing for April 13, 2023.

DCFS prepared a jurisdiction/disposition report in advance of the adjudication hearing.  E.F. showed no signs of abuse or neglect and both parents' homes were appropriate.  Mother refused to answer the dependency investigator's questions about the allegations; she referred the investigator to counsel.  Father

admitted he had argued with mother on December 30, 2022 but denied a physical altercation. He also said he never saw mother drink that day and did not know if she put E.F. in danger. He denied substance abuse issues and driving under the influence with E.F. Maternal aunt, with whom mother was living, reported no concerns about E.F.'s well-being. Paternal grandmother and step-grandfather also denied any safety concerns. DCFS concluded that E.F. remained at substantial risk and recommended the court sustain the petition and order family maintenance services. It also amended count b-4 to allege that father knew or reasonably should have known that mother transported E.F. while intoxicated and failed to protect him.

At the April 13, 2023 adjudication hearing, DCFS proceeded only on counts b-3 and b-4, those concerning mother's alleged substance abuse and driving under the influence and father's failure to protect E.F. Counsel for DCFS and for E.F. argued that the court should sustain both counts; both cited parents' previous DUIs, denials, and lack of insight. Mother's counsel denied the allegations and asserted that there was no current risk to E.F. Father's counsel requested that the court dismiss the petition in its entirety, or, alternatively, dismiss the failure to protect allegation involving father or adjudicate the case under section 360, subdivision (b).[2]

The court stated that it had read and considered the evidence and counsel's arguments. It found counts b-3 and b-4 true by a preponderance of the evidence and found E.F. to be a person described by section 300, subdivision (b). The court dismissed the remaining allegations. At disposition, the court

---

[2] Section 360, subdivision (b) permits the juvenile court to order services and supervision for a child under its jurisdiction without adjudicating the child a dependent of the court.

4

expressed concern that both parents "do not appear to recognize the seriousness of the incident" and accordingly denied father's request to proceed under section 360, subdivision (b). It declared E.F. a dependent and ordered him released to parents. It further ordered parents to participate in family maintenance and preservation services.

Mother filed a notice of appeal immediately following the hearing. While her appeal was pending, this court granted DCFS's request for judicial notice of a November 20, 2023 juvenile court exit order terminating jurisdiction and awarding parents joint legal and physical custody of E.F. Neither parent appealed from the exit order.

DCFS subsequently filed a motion to dismiss mother's appeal from the jurisdiction and disposition orders as moot. Mother opposed the motion, arguing that the appeal could be dismissed only via written opinion and should be heard on the merits. We deferred ruling on the motion until the matter was fully briefed and assigned to a panel.

## DISCUSSION

"A court is tasked with the duty "'to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" [Citation.] A case becomes moot when events "'render[ ] it impossible for [a] court, if it should decide the case in favor of the plaintiff, to grant him any effect[ive] relief.'" [Citation.]" (*In re D.P.* (2023) 14 Cal.5th 266, 276 (*D.P.*).) In a dependency case, "relief is effective when it 'can have a practical, tangible impact on the parties' conduct or legal status.' [Citation.]" (*Id.* at p. 277.)

"Where, as here, the juvenile court terminates its jurisdiction without issuing any order that continues to impact

5

the parents, the question of whether an appeal can grant the parents effective relief becomes more difficult." (*D.P., supra*, 14 Cal.5th at p. 277.) Depending on the circumstances, an order terminating juvenile court jurisdiction can render an appeal from a previous order in a dependency proceeding moot. (*In re Rashad D.* (2021) 63 Cal.App.5th 156, 163.) "However, dismissal of a dependency appeal for mootness following termination of jurisdiction 'is not automatic, but "must be decided on a case-by-case basis."' [Citation.]" (*Ibid.*; see also *In re S.G.* (2021) 71 Cal.App.5th 654, 663–664 ["The termination of juvenile court jurisdiction does not categorically prevent a reviewing court from granting effective relief in all cases"].) A parent generally may not overcome mootness by "complaining of 'stigma' alone" or citing speculative future harm. (*D.P., supra*, 14 Cal.5th at p. 277.) He or she may demonstrate the availability of effective relief "where a jurisdictional finding affects parental custody rights [citation], curtails a parent's contact with his or her child [citation], or 'has resulted in [dispositional] orders which continue to adversely affect' a parent [citation]." (*Id.* at pp. 277-278.) Put another way, when a parent demonstrates "a specific legal or practical consequence that will be averted upon reversal, the case is not moot, and merits review is required." (*Id.* at p. 283.)

Mother does not attempt to make such a showing or otherwise dispute that her appeal is moot. She argues only that "discretionary review of mother's challenge to the jurisdictional findings is appropriate."

When a dependency case is moot, "courts may exercise their 'inherent discretion' to reach the merits of the dispute." (*D.P., supra*, 14 Cal.5th at p. 282.) "As a rule, courts will generally exercise their discretion to review a moot case when 'the case presents an issue of broad public interest that is likely to recur,' 'when there may be a recurrence of the controversy between the

6

parties,' or 'when a material question remains for the court's determination.' [Citations.]" (*Ibid.*) We also "may consider whether the challenged jurisdictional finding 'could be prejudicial to the appellant or could potentially impact the current or future dependency proceedings,' or '"could have other consequences for [the appellant], beyond jurisdiction."'" (*Id.* at p. 285.) In addition, we "may consider the nature of the allegations against the parent" and "why the appeal became moot," including whether the mootness is due to a parent's prompt compliance with their case plan or otherwise laudable behavior. (*Id.* at p. 286.) Ultimately, we are "guided by the overarching goals of the dependency system: 'to provide maximum safety and protection for children' with a 'focus' on 'the preservation of the family as well as the safety, protection, and physical and emotional well-being of the child.'" (*Ibid.*; see also *id.* at p. 287.)

Here, mother contends discretionary review is appropriate because she promptly and diligently complied with her case plan and the findings against her are more serious than those involving father (who did not appeal). We are not persuaded review is warranted under the circumstances presented here. Mother has not offered any reason we should consider the appeal on the merits now that the exit order, which gave parents joint legal and physical custody over E.F., has become final. Her appeal does not present an issue of broad public interest, and she does not argue that there may be a recurrence of the issues between the parties or that a material question remains. Any impact that the challenged findings may have in future proceedings is far too speculative for us to exercise our inherent discretion to consider the challenged order. (*D.P.*, *supra*, 14 Cal.5th at p. 282.) We accordingly decline to address the merits of mother's appeal.

**DISPOSITION**

The appeal is dismissed as moot.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.

We concur:



CURREY, P.J.



MORI, J.